IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

JUN 2 5 2013

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

Tiffany Chabot

PO Box 675
Walkersville, MD 21793
    Plaintiff,

v.

Trans Union, LLC

1013 Centre Road
Wilmington DE 19805
    Defendant,

CSC Lawyers Incorporating

7 Saint Paul Street, Suite 1600
Baltimore, Maryland 21202
    Resident Agent for the Defendant

Civil Action No:

JFM 13 CV 1857

## COMPLAINT

Now Comes the Plaintiff Tiffany Chabot, Pro Se seeks civil action against Trans Union LLC for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C §1681, et seq.

## JURISDICTION and VENUE

1. This action arises out of the Defendants repeated violations of the Fair Credit Reporting Act, 15 U.S.C .§ 1681, et seq. ("FRCA")

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business here and substantial portion of the acts giving rise to this action occurred here.

3. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367

4. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and §2202

## PARTIES

5. Plaintiff, Tiffany Chabot, prose is an adult individual who resides in the state of Maryland, and is a "consumer" as defined by 15 U.S.C. §1692(a)(3), and who's mailing address is PO Box 675, Walkersville, Maryland 21701.

6. Defendant Trans Union, LLC is an Delaware corporation with a business address of 1013 Centre Road Wilmington DE 19805 operating as a consumer reporting agency as the term is defined by 15 U.S.C. §1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C, §1681(a)(d), to third parties. The Defendant Trans Union, LLC has a resident agent: CSC Lawyers Incorporating 7 Saint Paul Street, Suite 1600, Baltimore, Maryland 21202

7. The names of the individual collectors or other agencies are unknown but they will be added by amendment when determined through discovery.

## STATEMENT OF FACTS

8. Plaintiff was notified that they were tax liens on her credit report from Bank of America.

9. The Plaintiff Tiffany Chabot was never late on her credit cards and had good credit at the time the supposed tax liens were inserted on her credit report.

10. The Plaintiff filed numerous complaints with the state of Maryland as well as Trans Union about that she did not owe the tax liens, and in fact she didn't live in the State of Maryland for the supposed tax years.

11. Ms. Chabot took the State of Maryland to court proving that she did not owe such tax liens.

12. The State of Maryland filed a notice to withdraw and vacate the tax lien which was filed and stamped in the Circuit Court of Montgomery County on July 29, 2008. See (Exhibit A)

13. The Plaintiff filed numerous disputes with Trans Union by phone, internet, and by certified mail over numerous years to have the accounts removed.

14. The Plaintiff also made disputes that she had filed validation letters with Midland Credit Management aka Midland Funding LLC in which they failed to respond and ask Transunion to have the accounts removed.

15. Consequently the Plaintiff's creditors chose not to reissue her credit due to the duplicate accounts and tax lien.

16. In addition to failing to comply with the laws, Transunion was also reporting wrong information on the Plaintiff's credit report.

17. The account that is on the Plaintiffs credit report does not match the information on the supposed tax lien and that the Plaintiff owed no such lien. See Exhibit (A, B, C, D & E)

18. It took Trans Union numerous years to comply with the law and have the accounts removed. See Exhibit (A, B, C, D, E & F)

19. It took Transunion in the six years to have the accounts removed in which time the Plaintiff suffered extensively.

20. Transunion finally removed the accounts in 4/2012. See Exhibit (F)

21. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting Transunion.

22. Transunion allowed Midland Funding LLC AKA Midland Credit Management and the State of Maryland has a to" park" it's their accounts on the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false accounts) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumers credit scores from the artificially lowered scores which are directly resulted from Transunion intentional and malicious conduct.

23. In the context of "parking" an account, Midland Funding LLC AKA Midland Credit Management and the State of Maryland had an obligation and a duty under federal and state law to accurately report the balance, date of last activity, and be able to validate the accounts and it is willfully and maliciously refused to do so and Transunion allowed this acts to occur for years by not investigation the Plaintiffs claims and or disputes.

24. Transunion had a duty to the Plaintiff to investigate, reinvestigate, remove and report accurate information on the Plaintiff's credit report and it is willfully and maliciously refused to do so.

25 Plaintiff sent multiple letters to the Transunion. Despite receiving the dispute letter the credit bureaus continue to publish the debt on the Plaintiff's credit report for years.

26. Even though exhaustive efforts of the Plaintiff it has taken multiple years to get the Defendants to comply with the FCRA and her creditworthiness has suffered great in which will take years to re-establish.

27. The acts of the Defendants were deliberately, willfully, intentional, recklessly and negligently and repeatedly failed to perform reasonable investigations and reinvestigations of the above disputes as required by the FCRA, have failed to remove inaccurate information, have failed to report on the status of the investigations.

28. As a result of the Defendants conduct, Plaintiff has suffered actual damages in the form of credit opportunities, harm to credit reputation, credit score, Maryland home buying programs, emotional distress, including humiliation and embarrassment.

29. All times pertinent hereto, Defendants were acting by and through their agents, servants and or employees, who were acting within the scope of their agency or employment, and under the supervision and control of the Defendants herein.

30. At all times pertinent hereto, the conduct of the Defendants, as was their agents, servants and or employees, was malicious, intentional, willful, reckless, and in gross negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq

## BY THE DEFENDANTS

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

32. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

33. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

34. At all times pertinent hereto, Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

35. Transunion allowed Midland Funding LLC AKA Midland Credit Management's conduct violated the FDCPA by reporting the accounts to the Plaintiff's consumer report when they were not entitled to collect See *Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Circuit 2000) and to furnish duplicate accounts on the Plaintiff's credit report at the very least.

36. In the entire course of their actions, Defendants willfully and or negligently violated multiple provisions of the FCRA in one or more of the following respects:

37. The Defendants willfully and or negligently failed in the preparation of the consumer reports concerning Plaintiffs to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C §1681(e)(b) and 15 U.S.C §1681 et seq.

38. The Defendants willfully and or negligently failed to comport with investigations and reinvestigations procedures listed within 15 U.S.C §1681(i) and 15 U.S.C §1681 et seq.

39. The Defendants willfully and or negligently failed to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of a closed/vacated account/ and or removed the accounts of 15 U.S.C §1681(s-2) and 15 U.S.C §1681 et seq.

40. The Defendants' acts or omissions resulted in defaming the Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness.

41. The Defendants failed in their duty to prevent foreseeable injury to the Plaintiff.

42. Pursuant to 15 U.S.C §1681n and 15 U.S.C §1681o, Transunion is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C.§1681(e) and 15 U.S.C.§1681(i)

43. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally and knowingly as part of their routine credit reporting and or credit furnishing business and in gross disregard of the rights to the Plaintiff.

44. The conduct by Transunion was a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Transunion is liable to Plaintiff for the full amount of statutory dames, actual and punitive damages, along with attorney's fees and costs of the litigation, as well as such further relief relief, as may be permitted by law.

## COUNT II

## NEGLIGENCE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

46. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

47. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

48. At all times pertinent hereto, Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f).

49. The Plaintiff seeks damages under 15 U.S.C §1681(o)

## COUNT III

## INVASION OF PRIVACY

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

51. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

52. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

53. At all times pertinent hereto, Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

54. The Defendants' conduct, as described herein, constitutes an invasion of the Plaintiff's privacy in that it intrudes into the Plaintiff's private life, published private facts regarding Plaintiff, and places the Plaintiff in a false light in the eyes of those to whom the publications are made.

55. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

## COUNT IV

## DEFAMATION

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

57. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

58. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

59. At all times pertinent hereto, Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

60. Defendants published false information about the Plaintiff on the Plaintiffs credit report for either a false account or balance.

61. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Defendants.

62. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

## COUNT V

## PUNITIVE DAMAGES

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

64. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

65. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

66. At all times pertinent hereto, Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

67. The Plaintiff has the right to seek punitive damages against the defendant Transunion.

68. The plaintiff have suffered emotional distress having to go through the mess that the defendant Transunion has caused including but not limited to new credit, and Maryland home buying program for people with disabilities. The defendant's blatant violations and misconduct were defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

69. Plaintiff seeks punitive damages under 15 U.S.C § 1681n, a plaintiff need not prove actual damages but may recover punitive and statutory damages as well as costs and fees if a defendant willfully violates the FCRA. A "willful violation" is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA.

## CONCLUSION

The Plaintiff Ms. Chabot is a pro se litigant who has tried to comply with all the rules and procedures of the court. The Plaintiff has enough proof to state a claim on which relief may be granted. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" <u>Corp. v. Twombly,</u> 500 U.S. at 555 2007). The court must view the complaint in the light to the plaintiff and take the plaintiff's allegations as true. <u>See Randall v. United States,</u> 30F.3d 518,522 (4th Cir.1994). The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for the lack of legal specificity. <u>Gordon v. Leeke,</u> 574F.2d 1147, 1151 (4th Cir. 1978) . The Plaintiff reserves the right to file a motion to leave to amend the complaint, file additional exhibits, add defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in the Plaintiff's favor and damages against the Defendants, based on the following requested relief:

1. Actual damages
2. Statutory damages
3. Punitive damages
4. Costs including reasonable attorney fees
5. Such other and further relief as may be necessary, just and proper

**TRIAL BY JURY DEMANDED ON ALL ACCOUNTS**

Respectfully Submitted,

*Tiffany Chabot* 6/24/13
Tiffany Chabot, Pro Se

PO Box 675

Walkersville, Maryland 21793

Telephone: (301) 908-6687